| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Scura, Wigfield, Heyer<br>Stevens & Cammarota, LLP<br>1599 Hamburg Turnpike<br>P.O. Box 2031<br>Wayne, New Jersey 07470<br>Tel: 973-696-8391<br>Jamal Romero, Esq.<br>jromero@scura.com<br>Counsel to the Debtor | **Order Filed on February 8, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| | Chapter 13 |
| In Re:<br><br>    JOHN O'DONNELL,<br><br>                      Debtor. | Case No.: 19-20032<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date: February 3, 2022 |

## ORDER AUTHORIZING DEBTOR TO OBTAIN
## POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364

    The relief set forth on the following pages is hereby **ORDERED**.

**DATED: February 8, 2022**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

(Page 2)
Debtors: John O'Donnell
Case No.: 19-20032-VFP
Caption of Order: **Order Authorizing Debtor to Obtain Postpetition Financing**

The Matter having come before this Court on the Motion for An Order Authorizing Debtor to Obtain Secured Post-Petition Financing ("Motion") pursuant to 11 U.S.C. § 364(c) and Bankruptcy Rules 4001(c) and 9014 filed by John O'Donnell ("Debtor"). The postpetition financing's sole purpose is to refinance the Debtor's principle residence located at 542 Westwood Ave., Rivervale, New Jersey ("Property") and pay off the loan with Wells Fargo Bank, N.A. ("Wells Fargo").

The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court finds that this is a core proceeding pursuant to 28 U.S.C 157(b)(2)(A) and (D). The court finds that the authorization of postpetition financing is in the best interest of the Debtor, his estate, creditors and parties-in-interest. The Court finds that proper and adequate notice of the Motion has been given and that no other or further notice is necessary.

Based upon the foregoing findings, the Debtor has shown sufficient justification for the entry of this Order. Accordingly,

**IT IS ORDERED THAT:**

1. The Debtor is authorized to obtain post-petition financing with Homebridge ("Lender") up to $384,648.00. Attached to the Debtor's certification as Exhibit A is the Pre-Approval Letter from the Lender.

2. The funds from said post-petition financing shall be used to pay off Freedom Mortgage Corporation at the time of the closing pursuant to an up to date valid payoff letter issued by secured creditor.

3. Sufficient proceeds from the refinance shall be turned over to the Chapter 13 Trustee to payoff debtor's plan at a 100% dividend to unsecured.

4. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in the Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of the Order.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, the terms of this Order shall be effective immediately and enforceable upon its entry.

7. The terms of the Order shall be binding on any subsequent trustee appointed under chapter 13 of the Bankruptcy Code.

8. To the extent the Pre-Approval differs from this Order, this Order will control.